# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 5, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:     *April T. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 22-2820-BAH

Dear Counsel:

On November 1, 2022, Plaintiff April T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8), the parties' dispositive filings (ECFs 11 and 13), and Plaintiff's reply (ECF 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 17, 2019, alleging a disability onset of April 1, 2019. Tr. 237–47. The claims were denied initially and on reconsideration. Tr. 86–87, 98–99, 110, 128. On February 15, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41–85. Following the hearing, on February 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 18–40. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---

[1] 42 U.S.C. §§ 301 et seq.

*April T. v. Kijakazi*
Civil No. 22-2820-BAH
September 5, 2023
Page 2

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2019, the alleged onset date." Tr. 23. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar degenerative disc disease, cervical degenerative disc disease, right shoulder arthritis, anxiety, and depression." Tr. 24. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "right carpal tunnel syndrome, hypertension, iron deficiency anemia, hypokalemia, and[] COPD/asthma[.]" *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot be exposed to hazards defined as climbing ropes, ladders, or scaffolds, using dangerous moving machinery, or being exposed to unprotected heights. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl as defined by the Selected Characteristics of Occupations. The claimant can occasionally push/pull with all extremities. The claimant can frequently reach, handle, finger, and feel with bilateral upper extremities. The claimant requires the use of a cane when standing or walking for balance. The claimant can occasionally be exposed to vibration, extreme heat, extreme cold, wetness, or humidity extremes. The claimant can have no more than occasional concentrated exposure to fumes, odors, dust, gases, and poor ventilation. The claimant is limited to simple, routine, and repetitive work, but not assembly line type work. The claimant can maintain attention and concentration for periods of up to 2 hours, and can repeat this throughout the workday after customary breaks. The claimant can occasionally interact with the general public, coworkers, and supervisors. The claimant can make simple work decisions in a stable work environment, defined as up to occasional change in work setting or work process.

Tr. 26. The ALJ found that Plaintiff could not perform any past relevant work but could perform jobs existing in significant numbers in the national economy, including the job of Assembler (DOT[2] #732.684-062), Jewelry Preparer (DOT #700.687-062), and Dowl Inspector (DOT #669.687-014). Tr. 32–33. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical

*April T. v. Kijakazi*
Civil No. 22-2820-BAH
September 5, 2023
Page 3

### III.   <u>LEGAL STANDARD</u>

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   <u>ANALYSIS</u>

On appeal, Plaintiff argues that the ALJ "fail[ed] to comply" with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 11, at 9. Specifically, Plaintiff avers that the ALJ erred by failing to include a corresponding limitation in her RFC assessment, or explain why no such limitation was necessary, after having determined at step three that Plaintiff had a moderate limitation in concentrating, persisting, and maintaining pace ("CPP"). *Id*. at 11–12. Plaintiff further argues that the ALJ erred by failing to explain how she "could remain productive throughout an eight-hour workday for five days per week" despite her moderate CPP limitation. *Id*. at 16. Defendant counters that the ALJ adequately addressed Plaintiff's CPP limitation by precluding her from working at an assembly-line pace and by limiting her to maintaining attention and concentration for up to two hours at a time. ECF 13, at 9–11.

As an initial matter, the Court agrees with Plaintiff that an RFC restriction to "simple, routine, and repetitive work" is inadequate. ECF 11, at 12. *Mascio* unambiguously holds that "an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task," stating that "[o]nly the latter limitation would account for a claimant's limitation in [CPP]." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted*, (June 5, 2015) (citing *Mascio*, 780 F.3d at 638).

Here, as in *Mascio*, the ALJ determined that Plaintiff has a "moderate" CPP limitation. Tr. 25. The ALJ apparently tried to account for this limitation by, among other things, restricting

---

and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*April T. v. Kijakazi*
Civil No. 22-2820-BAH
September 5, 2023
Page 4

Plaintiff to "simple, routine, and repetitive work[.]"  Tr. 26.  But this Court has held that such a limitation does not comply with "the dictates of *Mascio*."  *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the ability to sustain work throughout an eight-hour day where the claimant had moderate CPP limitations). Moreover, the ALJ has not "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks account[s] for" Plaintiff's moderate CPP limitations.  *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).   Accordingly, I find that this provision does not adequately accommodate Plaintiff's CPP limitation.

Plaintiff also persuasively argues that the RFC does not adequately accommodate her CPP limitation by restricting her to "maintain[ing] attention and concentration for periods of up to 2 hours" and "repeat[ing] this throughout the workday after customary breaks." ECF 11, at 15.  This Court has recognized that such a provision, without more, is insufficient to account for a claimant's moderate CPP limitation because breaks at two-hour intervals are customary even for those *without* such limitations.  *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that an ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation"); *see id*. (citing Social Security Ruling 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals").

Had these provisions been the only limitations in the RFC accounting for Plaintiff's CPP difficulties, Plaintiff's argument may have been persuasive.  But such is not the case here.  While the RFC did not adequately account for Plaintiff's moderate CPP difficulties by limiting her to working in two-hour increments or by limiting her to simple, routine, and repetitive work, the RFC *did* account for Plaintiff's CPP issues by precluding her from working in "assembly line type work."  Tr. 26.  This Court has previously held that this restriction adequately accounts for a claimant's moderate CPP limitation.  *See Jackie W. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-3883, 2019 WL 5960642, at *4 (D. Md. Nov. 13, 2019) (holding that an ALJ's inclusion of a restriction from "assembly-line work" in a hypothetical to a vocational expert was sufficient to account for a claimant's moderate CPP limitation even though the ALJ did not include the term "assembly line work" in the RFC).  This Court has further held that similarly worded limitations are likewise sufficient.  *See, e.g.*, *Teresa B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) (holding that an RFC provision limiting a claimant to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)" was sufficient to address a moderate CPP limitation).

Plaintiff offers no argument regarding the RFC's prohibition against assembly-line work in her initial brief.  However, she argues for the first time in her reply brief that "there is no

*April T. v. Kijakazi*
Civil No. 22-2820-BAH
September 5, 2023
Page 5

indication in the [ALJ's] decision that" the RFC's restriction to no "assembly line type work" was "ever intended to accommodate Plaintiff's moderate limitations maintaining [CPP]." ECF 14, at 2. Plaintiff suggests that the RFC's prohibition against assembly-line work "could have been meant as a limitation to accommodate Plaintiff's other moderate limitations, which include moderate limitations 'understanding, remembering or applying information'; 'interacting with others'; and 'adapting or managing oneself[.]'" *Id.* at 3.

This argument is unpersuasive. The RFC provides that Plaintiff "can occasionally interact with the general public, coworkers, and supervisors" and "can make simple work decisions in a stable work environment, defined as up to occasional change in work setting or work process." Tr. 26. Plaintiff acknowledges in her initial brief that these provisions "ostensibly" account for her moderate limitations in interacting with others and in adapting and managing herself. ECF 11, at 13. Additionally, the ALJ restricted Plaintiff from performing "assembly line type work" in the same sentence in which they limited Plaintiff to "simple, routine, and repetitive work"—a provision which is undisputedly intended to refer to Plaintiff's moderate CPP difficulties. Tr. 26.

Although Plaintiff argues that the ALJ failed to explain the relevance of the RFC's "assembly line" provision, she does not argue that such a provision *generally* is insufficient to support a moderate CPP limitation. As such, and given the cases discussed above in which an assembly-line work provision was found sufficient to address moderate CPP difficulties, I find that the ALJ's decision makes reasonably clear that this RFC restriction relates to Plaintiff's moderate CPP limitation as opposed to some other limitation. Stated differently, after reviewing the ALJ's decision, I am not "left to guess . . . as to what the ALJ intended[.]" *Mascio*, 780 F.3d at 637. Remand is thus unnecessary on this ground.

Where an ALJ "finds moderate limitation in CPP" and "has included a . . . restriction to 'non-production oriented' work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits." *Grant v. Colvin*, No. 1:15CV515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016), *recommendation adopted*, slip op. (M.D.N.C. Sept. 21, 2016). Here, the ALJ accounted for Plaintiff's CPP difficulties with an RFC provision that has been held adequate to account for such difficulties. Further, Plaintiff does not argue that she cannot even perform non-assembly line work. Nor does she explain how a more detailed explanation of the RFC (or another RFC limitation altogether) would alter the outcome in this case.

In sum, I find that the ALJ fulfilled their duty of "includ[ing] a corresponding limitation" in the RFC after determining that Plaintiff suffered from moderate CPP difficulties at step three. *Talmo*, 2015 WL 2395109, at *3. Accordingly, I find that the RFC was supported by substantial evidence. Remand is unwarranted.

## V.    CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

*April T. v. Kijakazi*
Civil No. 22-2820-BAH
September 5, 2023
Page 6


       Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


                 Sincerely,


                   /s/


                 Brendan A. Hurson
                 United States Magistrate Judge